## H. S. FULKERSON v. S. A. WHITE.

A consignee, who receives goods to sell on commission, unless his powers be restricted by special instructions, is the general agent of the consignor, in respect to the goods consigned; and his agency, from its nature, is a continuing one.

There is a diversity of opinion on the question, whether or not the consignee may be sued, until a demand be made upon him. This probably depends upon the circumstances of the particular agency, and the acts of the parties in the particular case, or the usual course of dealing between the parties, or the usage of the place where the goods were to be sold.

The statute of limitations will not begin to run in favor of a consignee, from the very day on which sales are made, and money received by him; and it is as unreasonable to say that it should do so, from the day of the sale of the last article of the goods.

The factor impliedly contracts to render an account of sales, and generally to account for the goods, when called upon to do so; and where, from the previous course of dealing, there is an obligation to account without a demand, or where it is impracticable or inconvenient for the principal to make the demand, or the agent has neglected, for an unreasonable time, to account, suit may be brought against him without a previous demand.

If the consignor direct the proceeds of sale to be paid to a third person, the consignee should still account with his principal in a reasonable time; but he is not liable to be sued, until he has actually or impliedly broken his orders; and is not necessarily in default, because he does not pay the proceeds of sale to such third person, immediately upon receiving them.

A factor is not required to remit the proceeds of his sales, at his own risk; and he cannot remit at the risk of his principal, unless in compliance with instructions; and when he does nothing in violation of the instructions of his principal, or to disable himself from complying with them, when received, and transmits an account of sales within a reasonable time, according to the course of business, and is ready to remit or answer drafts upon him, no action will lie against him.

A general order to pay over the proceeds of sale to a third person, who is not proved to have known, that they were to be paid to him, (where no special instructions as to the mode of making remittances are shown,) cannot vary materially the rules generally applicable to transactions between consignors and consignees.

An action will not lie (there being no peculiar circumstances in the case,) against a consignee, until after an account of sales is rendered, or until after a reasonable time, according to the course of business, within which to render it, has elapsed; or until there has been a conversion of the proceeds of sale, either open and actual, or to be presumed by the rules of law.

APPEAL from Victoria. Tried below before the Hon. Fielding Jones.

Suit by appellant, for the use of A. H. Lowery, against appellee, as the surviving partner of the firm of White & Southern. The facts are stated in the opinion.

*William S. Glass*, for appellant. Mr. Justice Wheeler, in delivering the opinion of the court, in the case of Mitchell v. M'Lemore, 9 Tex. Rep. 151, decides, that a factor is bound, where there is no special contract, and no custom to the contrary, to account to his principal in a reasonable time, where no demand is made; and that the limitation will run from the time the account should have been rendered. In this case, there was a special agreement that the goods should be sold, and the proceeds paid over to a third party, upon the future order of the consignor. All the authorities agree that, under such circumstances, there is no liability against which the statute can run, until demand. There was no demand proven, but this, if set up as a defence, could not affect the plaintiff's right to recover, except as to the costs.

If White & Southern were bound to account in a reasonable time, without request, when did that time commence to run? The implied contract of a factor is, to account when the consignment is closed, and the last article sold; and he cannot be made liable before that time, without a special agreement, except upon demand. Within a reasonable time after the business is concluded, the account must be returned. The goods were not all sold, when the account was rendered. The possession of the agent is the possession of the principal, and limitation cannot run against the latter's right, so long as the relationship exists. There must be a conversion of the property by the factor, actual or constructive, within the knowledge, actual or presumed, of the principal. The suit was brought in less than two years from the date of the account, and in about three years after the goods were deposited for sale. From the nature of the transaction, it must have been contemplated by the parties

that it would require a considerable time to complete it. What is a reasonable time within which a factor must account, is a question for the jury, depending upon the particular circumstances of the case. It is certain that the charge of the district judge is opposed both to reason and precedent. By it no demand is necessary, and no time is given the consignee to account. He is liable to suit, the instant he sells the goods and receives the money. (Mitchell v. M'Lemore, 9 Tex. Rep. 151 ; Angell on Lim., chapter on Agency and Factorage ; Lillie v. Hoyt, 5 Hill's Rep. 395.)

*White*, for appellee. The cases of Mitchell v. M'Lemore, 9 Tex. Rep. 151; Wingate v. Wingate, 11 Id. 430 ; and Leavitt v. Gouch, 12 Id. 95, are believed to settle this case.

It is submitted, that the rule of distinction as to when limitations will commence to run, in cases of bailments, depends upon whether the character of the remedy be a legal or equitable one. If it be the former, the limitation commences running from the bailment, unless expressly continued to the event of a future contingency. If this be correct, there is nothing in the evidence in this case to take it out of the rule in the above cited authorities.

BELL, J. The appellant, Fulkerson, residing in the State of Mississippi, consigned to White & Southern, commission merchants, doing business in Indianola, Calhoun county, Texas, a lot of groceries, consisting of brandies, wines, cigars, &c., to be sold on commission. The petition does not allege, nor does the evidence anywhere disclose, the precise time at which this consignment was made. But the evidence shows, that the partnership of White & Southern commenced in January, 1853, and that Southern died about September of the same year. We may infer from the evidence, that the consignment was made very soon after the commencement of the partnership of White & Southern. On the 20th day of June, 1854, an account of sales, stated in the name of White & Southern, was rendered to

Fulkerson, the consignor. This account of sales contained items of sales from the 18th of March, 1853, to the 9th of June of the same year, inclusive. This suit was instituted on the 6th day of February, 1856 ; less than two years from the time when the account of sales was rendered, but more than two years after the date of the last item of sale of which the account was composed. The defendant pleaded the statute of limitations, and the court instructed the jury as follows: "If "you believe, from the evidence, that the goods which are the "consideration of this suit, were sold, and the money received "by the firm of White & Southern, two years previous to the "institution of this suit, then the action would be barred by "limitation, and you should find for the defendant." It may be proper to add, that the suit is brought for the use of A. H. Lowery & Co., of New York ; and one of the witnesses states, that the proceeds of the sales by White & Southern, were to have been paid over, by the order or instructions of the consignor, Fulkerson, to A. H. Lowery & Co. The jury returned a verdict for the defendant. There was a motion for a new trial on several grounds ; amongst others, that the court erred in the instructions given to the jury. The motion for a new trial was overruled.

We are of opinion that there was error in the charge of the court. A consignee of goods, who receives them to sell on commission, is the general agent of the consignor, in respect to the goods consigned. The powers of a consignee might undoubtedly be restricted to those of a special agent, by special instructions in reference to the whole subject matter of his employment. But ordinarily, he is expected to exercise his own discretion to a certain extent, and to act in conformity with the usages of trade; and his powers, even in respect to a single consignment of goods for sale, are rather those of a general than a special agent. (Story on Agency, §§ 18, 34, 110, 111, 112.)

In the case of a consignment of goods to be sold on commission, the agency of the consignee is, from its very nature, a

continuing agency. There is a diversity of authority on the question, whether or not the consignee is liable to be sued, until a.demand made upon him by his principal; and the true solution of the question would probably be found to depend upon the circumstances of the particular agency, and upon the acts of the parties in the particular case, or upon the usual course of dealing between the parties, or upon the usage of the particular place where the agent is to carry into effect the purpose of his employment.

It is certain, however, that where a consignee undertakes to sell goods for the consignor, the statute of limitations will not begin to run in favor of the consignee, against the consignor, from the very day on which sales are made and money received by the consignee. Such a rule would destroy all confidence in commercial transactions of the character alluded to. And it would be equally unreasonable to say, that the statute would begin to run in favor of the consignee, from the very day of the sale of the last article of the goods consigned to him; for, from the very nature of the employment, it is impossible, in most cases, for the consignor to know the precise time when the sales of the consigned goods will be completed.

The factor, or the consignee to whom goods are delivered to be sold on commission, impliedly contracts to render an account of sales, and generally to account for the goods, whenever called upon by his principal to do so. And in some cases, an action will lie against the factor or consignee, without any previous demand having been made by the principal. Those are cases where an obligation to account, on the part of the consignee, is implied from the previous course of dealing between the parties; or in cases where it is impracticable or inconvenient for the principal to make the demand, and the agent neglects for an unreasonable time to account. These are the views expressed by Chief Justice Parker, in giving the opinion of the Supreme Court of Massachusetts, in the case of Clark v. Moody, 17 Mass. Rep. 145; and these views are adopted by

Mr. Angell, in his work on Limitations, as furnishing "a considerate exposition of the law."

In cases where the consignor, at the time of the consignment, directs the proceeds of the sales to be paid over to a third person, the consignee is not liable to be sued until he has actually or impliedly broken his orders.  Even in such case, he is expected to account with his principal within a reasonable time, and he is not necessarily in default and liable to be sued, because he does not pay over the proceeds of the sales to such third person, immediately after receiving them.  Even in such case, his failure to pay over the proceeds immediately, may be explained, by showing that he had no special orders as to the manner in which he should make remittances, or the like.  In the case before us, it is not shown that A. H. Lowery & Co., of New York, were informed that the proceeds of the sales by White & Southern were to be paid over to them, or that White & Southern had received any special instructions as to the manner in which the proceeds of sales were to be remitted.

In the case of Clark v. Moody, Chief Justice Parker said, "If the factor should receive and sell the goods, without any "special orders as to remittance, upon an understanding, ex-"press or implied, that he is to hold the proceeds to the order "of his principal ; and he does nothing in violation of those "orders, or to disable himself from complying with them when "they shall be received ; and transmits a true account of sales, "within a reasonable time, according to the course of business, "and is ready to remit or answer drafts upon him, we think "that no action will lie against him for the balance in his "hands.   For his contract is to sell and render an account, and "he ought not to be held to remit at his own risk ; and he can-"not remit at the risk of his principal, unless in compliance "with instructions."

We think this statement of the Chief Justice, contains a clear summary of the general principles which control the liability, and indicate the duties, of factors.   We cannot perceive that a general order to pay over the proceeds of sales to a

third person, where it is not shown that such third person knew that the proceeds were to be paid to him, and where no special instructions are shown as to the mode of making remittances, &c., can vary materially the rules generally applicable to transactions between consignors and consignees. We think it was the duty of the consignees, White & Southern, to render an account to their principal, "within a reasonable time, according to the course of business;" and that, to say the least, an action would not lie against them until after such an account was rendered; or until a reasonable time within which to render such account, had elapsed without its being rendered; or until there had been a conversion of the proceeds of the sales by the consignees, either open and actual, or to be presumed by the rules of law, under the circumstances of the case. (Kinney v. McClure, 1 Rand. Rep. 284.)

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.