## G. R. GRIMES AND ANOTHER V. WILLIAM A. HAGOOD.

When money is advanced on cotton received in store, the cotton is the primary fund for the discharge of the sum so advanced.

A party having advanced money under such circumstances, can only bring a personal action therefor against him to whom the advance is made, when he can no longer look to the cotton as the means out of which he can reimburse himself.

Where a warehouse keeper had advanced money on cotton stored with him, and the cotton was destroyed by fire : *held*, that the statute of limitation commenced running against his right of action for the money so advanced, from the time at which the cotton was so destroyed.

In this case, the receipt for the money so advanced, was signed by a third party, who was proved to have been acting for and under the instructions of the parties to whom the money was advanced : *held*, that it is a well established principle that in transactions of this kind, if credit be given to the principal, he is bound by the act of his agent, although the contract does not, on its face, purport to be made in his name, or on his account.

APPEAL from Cherokee. Tried below before the Hon. Reuben A. Reeves.

This suit was originally brought before a justice of the peace by the appellee, William A. Hagood, against the appellants, Geo. R. and Marshall Grimes. The justice of the peace rendered a judgment against Hagood, who removed the case, by *certiorari*, to the District Court of Cherokee county.

The action was based upon the following paper, to-wit :

"$97 50-100. Received, Magnolia, December 14, 1854, from W. A. Hagood, ninety-seven dollars 50-100, to be handed to G. R. Grimes & Bro. JOHN F. PATTON."

It was in proof that Patton was acting as the agent of G. R. Marshall & Bro. The proceeding before the justice of the peace was commenced on the 10th day of February, 1857. The cotton was burned on the 20th March, 1855. The defendants below pleaded the statute of limitations. The other facts are the same as in the suit between the same parties reported in 19 Tex. Rep.,

246. There was a verdict and judgment for Hagood. G. R. Marshall & Bro. made a motion for new trial; which being over-ruled, they appealed.

*Donley & Anderson,* for appellants.

*A. J. Hood,* for appellee.

MOORE, J.—The only questions of any importance in this case, are believed to be settled by the principles announced by this court in a previous suit between these same parties. (19 Tex., 246.) The court then said, " when money is advanced on cotton received in store, the cotton is the primary fund for the discharge of the sum advanced." It must follow, as a necessary deduction from this principle, that the appellee could only bring a personal action against the appellants, when he could no longer look to the cotton as the means out of which he could reimburse himself for his ad-vances. Until this could be done, limitation would not commence to run against his right to maintain such an action. And as less than two years had elapsed from the destruction of the cotton until the commencement of the suit, it cannot be held, if the action was to be regarded as founded upon a mere parol contract, that it was barred by the statute of limitations.

It was also held by the court in the previous case between these parties, to which we have referred, that a receipt for money, advanced on cotton in store and to arrive, draws interest from its date. The receipt upon which this action is brought, was not executed by the appellants in person, and does not, in direct and express terms, purport on its face to be given by Patton, in their name and as their agent. It shows, however, the fact that he received the money for them; and it was established beyond con-troversy, by the evidence adduced upon the trial, that he was acting under their instructions, and at their request; and that it was understood at the time by appellee and Patton, that he was acting solely as the agent and on behalf of the appellants, and intended to assume no personal responsibility whatever in the matter. It is a well established rule in transactions of this char-

acter, if credit is given to the principal, that he is bound by the act of his agent, although the contract does not, on its face, purport to be made in his name, or on his account. The manner and form of such contracts are immaterial; the only practical questions are, was the principal to be bound by the contract? And did the agent have the power to bind him? Upon neither of these questions can there, in the present case, be the slightest doubt, and it must, therefore, be held that the receipt upon which the suit was brought, has the same binding effect upon the appellants as if it had been executed by them in person, and that the court did not err in holding that it bore interest from its date.

The judgment is affirmed.

Judgment affirmed.