JENNIE MARTIN, ADM'X, v. SHUMATTE & MATTHEWS.

(Case No. 1715.)

1. NON-NEGOTIABLE INSTRUMENT.— An instrument in writing, in form as follows, is not a negotiable promissory note:
"$2,100.                                                      PALESTINE, TEXAS.
"Two years from date, we promise to pay to Josiah Martin two thousand one hundred dollars, part and last payment for a patent right, No. 181,086. Said note to be collectible when said amount shall have been realized from sales of said right; otherwise to be null and void. This 31st of May, 1877.
"W. M. SHUMATTE.
"J. A. MATTHEWS."

2. SAME.—Where an instrument on its face possesses the features, and uses some of the conventional terms, of an ordinary promissory note, yet if, by a clause in the body of the instrument, the negotiable elements are qualified, its character as such note is destroyed.

3. SAME — PLEADINGS.— To maintain an action on such instrument, it must be set forth with as much certainty as in case of other written contracts.

4. SAME — CASES CITED.—Salinas v. Wright, 11 Tex., 572; Hutchins v. Wade, 20 Tex., 7; Goldman v. Blum, 58 Tex., 630, cited.

APPEAL from Anderson. Tried below before the Hon. Peyton F. Edwards.

This suit was ultimately brought by Jennie Martin, as administratrix of Josiah Martin, deceased, against W. M. Shumatte and Jno. A. Matthews, upon two instruments in writing alleged to be promissory notes, one of which is as follows:

"$2,100.                                    PALESTINE, TEXAS.

"Two years from date, we promise to pay Josiah Martin two thousand and one hundred dollars, part and last payment for a patent right No. 181,086. Said note to be collectible when said amount shall have been realized from sales of said patent right. Otherwise to be null and void. This 31st May, 1877.

"W. M. SHUMATTE.<br>"J. A. MATTHEWS."

Appellees specially excepted on the ground that the two notes sued on were collectible only on a contingency, viz.: when the amount specified in each note shall have been realized from sales of the patent, otherwise to be null and void, and there are no allegations in the petition that the contingency had happened. They also set up other defenses, which, for the purposes of the opinion, need not be stated. The court below sustained the exceptions and dismissed the suit.

*T. J. Williams*, for appellant, cited: 2 Parsons on Contracts, 525.

*R. A. Reeves*, for appellees, cited: Hutchins v. Wade, 20 Tex., 7; Salinas v. Wright, 11 Tex., 575.

WEST, ASSOCIATE JUSTICE.— We are of the opinion that, upon the case here made by the pleadings of the appellant, taking them together, that the learned judge below, for several good reasons, committed no error in sustaining the special exceptions taken to the appellant's cause of action in the manner and form in which it was presented to the court in her pleadings.

The instruments therein set forth were not negotiable promissory notes.

The authorities are very full indeed, and satisfactory, to the effect that though the written contract which is made the basis of the party's cause of action may have on its face several of the ordinary features of a common promissory note, and may, in the body of the written instrument, use some of the conventional terms that would ordinarily confer upon it the character of negotiability, yet if, by some clause or stipulation in the body of the instrument, those elements which impart to it negotiability are limited and qualified, the negotiable character of the paper, as an ordinary promissory note, is destroyed.

In order to maintain an action on such an instrument, the nature, character and extent of the obligation incurred by the parties executing it must be fully and distinctly set forth. See Alves v. Hodg-

son, 7 Term R., 241; Manrow *v.* Durham, 3 Hill (N. Y.), 584; Brewster *v.* Silence, 4 Seld., 207; Parsons on Notes and Bills, 1st vol., p. 42, ch. 3, sec. 5. See, also, Parsons on Notes and Bills, 2d vol., ch. 15, sec. 3, p. 534; also same author on Contracts, 2d vol., p. 525; 1 Daniel on Neg. Instruments, 59, 60, 79, 149. See, also, Goldman *v.* Blum *et al.*, 58 Tex., 630. See, also, in this connection, Salinas *v.* Wright, 11 Tex., 572; Hutchins *v.* Wade, 20 Tex., 7.

Many other authorities have been examined and could be referred to, but the above are deemed to be sufficient.

The statement of the nature and character of the instrument made the basis of the appellant's cause of action was not in the pleadings set forth with sufficient certainty. Under the circumstances the special exceptions of appellees were properly sustained. The judgment of the district court, dismissing the case, is affirmed.

AFFIRMED.

[Opinion delivered October 11, 1884.]