## LANE CO. v. CRUM et al. (No. 910—4674.)

(Commission of Appeals of Texas, Section A. March 2, 1927.)

1. Bills and notes ⊚⇒165—Recital in trade acceptance that obligation arose out of "purchase of goods, * * * maturity being in conformity with" original contract, made it nonnegotiable (Rev. St. 1925, art. 5932, § 3, par. 2).

Clause in trade acceptance stipulating that acceptance of obligation arose out of purchase of goods from drawer and that maturity was in conformity with original terms of purchase held to render it nonnegotiable as being more than a mere statement of transaction which gives rise to instrument as permitted by Rev. St. 1925, art. 5932, § 3, par. 2.

2. Bills and notes ⊚⇒165—For instrument to be negotiable, maker's obligation must arise exclusively therefrom.

For an instrument to be negotiable, the obligation of the maker must arise exclusively from instrument, and no obligation arising from collateral transaction can be imported into terms of instrument without destroying its negotiability.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by the Lane Company against Mrs. B. V. Crum and another. Judgment for plaintiff was reversed and rendered by the Court of Civil Appeals (284 S. W. 980), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and judgment of the trial court affirmed.

Williamson & McDonnell, of Waco, for plaintiff in error.

Hilton, Howell and Spell, Naman & Penland, all of Waco, for defendants in error.

HARVEY, P. J. On June 24, 1924, W. E. Williams, under the trade-name of Cascade Products Company, entered into a contract in writing with the Lane Company, with reference to the delivery by the Cascade Company to the Lane Company of a certain number of washing machines. The contract is set out in full in the majority opinion of the Court of Civil Appeals. It is unnecessary to a decision here that we determine whether such contract constitutes a sale contract or merely an agency agreement. In September, 1924, the number of machines called for in the contract were delivered by the Cascade Company to the Lane Company, who declined to accept them but held them subject to the order of the Cascade Company.

At the time the contract above mentioned was made, and as a part of the transaction, the Lane Company accepted three trade acceptances or drafts drawn by the Cascade Company, each for the sum of $378, and payable respectively 60, 90, and 120 days after date. The form of these instruments is such

as to make them negotiable instruments, unless the clause appearing in each of them, which is hereinafter stated, renders them nonnegotiable instruments.

On October 29, 1924, the Lane Company brought this suit against W. E. Williams and Mrs. B. V. Crum to cancel these three trade acceptances on the ground that the washing machines were not as represented, and the machines were tendered to the defendants. Mrs. Crum answered by a cross-action seeking to recover on the trade acceptances, alleging that she was an innocent holder thereof in due course of trade, for value, before maturity. The cause was tried before a jury and resulted in a judgment being rendered canceling the three trade acceptances and awarding to Mrs. Crum the washing machines. On appeal, this judgment was reversed by the court of Civil Appeals, and judgment rendered by that court for Mrs. Crum on the trade acceptances (284 S. W. 980); Associate Justice Stanford dissenting.

The contention of the Lane Company is that the following clause of the trade acceptances renders same nonnegotiable and therefore subject to the rights and equities of said company growing out of its said contract with the Cascade Company, to wit:

"The obligation of the acceptor hereof arises out of the purchase of goods from the drawer, maturity being in conformity with the original terms of purchase."

[1, 2] We agree with the conclusion reached by Associate Justice Stanford in his dissenting opinion as to the legal effect of the clause just quoted. In our opinion the clause has effect to render the trade acceptances nonnegotiable under the law merchant as well as under the Negotiable Instruments Act (Vernon's Ann. Civ. St. 1925, arts. 5932–5946). The obligation of the acceptor, according to the terms of said clause, arises not from the instruments themselves, but from a collateral transaction. For an instrument to be negotiable, the obligation of the maker must arise exclusively from the instrument. No obligation arising from a collateral transaction can be imported into the terms of the instrument without destroying the negotiability of the instrument. 8 Corpus Juris, pp. 113, 114. A negotiable instrument has been termed "a courier without luggage," whose countenance is its passport. This apt metaphor does not fit these trade acceptances, for the reason they are laden with the equipment of a wayfarer who does not travel under safe conduct. By their express terms, these instruments bear burdens whose nature must be sought for beyond the four corners of the instruments themselves. The clause in question is more than a mere "statement of the transaction which gives rise to the instrument," as permitted by paragraph 2, § 3, of article 5932 of the Revised Statutes.

So far from being a mere descriptive reference to the transaction which gave rise to the instrument, the clause, in definite terms, points to that transaction as the source of the acceptor's obligation to pay the amount named in the instrument. The legal effect of the clause is to render the paper subject to all the rights and equities of the parties to the collateral transaction from which the obligation of the acceptor arises. Parker v. American Exchange Bank (Tex. Civ. App.) 27 S. W. 1072; 8 C. J. 124.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and rendering judgment for defendant in error be reversed and that the judgment of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.