## J. I. CASE THRESHING MACHINE COMPANY V. C. W. HOWTH.

Application No. 14490.    Motion No. 7058.    Decided April 27, 1927.
(293 S. W., 800).

#### 1.—Promissory Note—Extension of Time—Release of Surety.

The payee of a promissory note who, knowing that one of the makers was a mere signer for accommodation without consideration, makes with the principal debtor a valid contract for extension of the time of payment without knowledge or consent of the accommodation maker thereby releases him from liability on the note.   (P. 438).

#### 2.—Negotiable Instruments Law—Holder in Course.

The original payee of a note is not a "holder in due course" within the meaning of Art. 5935, Rev. Stats., 1925, Sec. 52, and the note in his hands is subject, by Sec. 58, to the same defenses as if it were non-negotiable. Negotiable Instruments Law, Title 98, Rev. Stats., 1925, Arts. 5932, 5934, 5935, 5936, 5948, 6244, 6246, Secs. 28, 30, 51, 52, 57, 191, compared, discussed and construed.   (Pp. 437-440).

#### 3.—Cases Discussed.

Howth v. J. I. Case Thresh. Mach. Co., 280 S. W., 238; Vander Ploeg v. Van Zuuk, 135 Iowa, 350; Builders' Lime & Cement Co. v. Weimer, 170 Iowa, 444; approved and followed.   Liberty Trust Co. v. Tilton, 217 Mass., 462, disapproved.   (Pp. 437, 439).

Application for writ of error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Howth appealed from a judgment recovered against him by the J. I. Case Threshing Machine Company, which was reversed and judgment rendered in appellant's favor. Appellee thereupon applied for writ of error. The writ was refused, the opinion following being delivered on a motion of applicant for rehearing.

*Spence, Smithdeal, Shook & Spence (Alex W. Spence* of counsel), for plaintiff in error.

The Honorable Court of Civil Appeals erred in reversing the judgment of the court below, for even though it be held that the defendant Howth, to the knowledge of the J. I. Case Threshing Machine Company, executed the note sued upon merely for the accommodation of Henry Miller and without receiving value therefor, and that the company, without Howth's consent, made a binding agreement with Miller extending the time of payment of the note for a definite term, the fact remains that Howth as a joint maker of the note with Miller was primarily liable thereon,

and, under the law of Texas then and now existing, such extension of time to Miller by the Case Company did not discharge Howth from his obligation on the note, and the Honorable Court of Civil Appeals erred in holding that it did. Chap. 123 of the Acts of the Thirty-sixth Legislature, carried forward in Vernon's Sayles' Texas Stats., 1920, as Title 96a, and now incorporated as Title 98 of the Rev. Stats. of 1925; Clem v. Chapman, 262 S. W., 168; 8 Corpus Juris, p. 276; Union Trust Co. v. Ginty, 212 Mass., 205, 98 N. E., 679; Vanderford v. Farmers Bank, 105 Maryland, 164, 66 Atl., 47, 10 L. R. A., New Series, 129, and note; Richards v. Market Exchange Bank, 81 Ohio State, 348, 90 N. E., 1000; 26 L. R. A., New Series, 299, and note; Merchants Natl. Bank of Billings v. Smith and Lee, 59 Mont., 280, 196 Pac., 523, 15 A. L. R., 430; Wolstenholme v. Smith, 34 Utah, 300, 97 Pac., 329; Jamesson v. Citizens Natl. Bank, 130 Maryland, 75, 99 Atl., 994, Anno. Cases, 1918a, 1097; Delaware Trust Co., S. D. & Title Insurance Co. v. Haser, 199 Pa., 17, 85 Am. St. Rep., 763, 48 Atl., 694; Bradley Eng. & Mfg. Co. v. Heyburn, 56 Wash., 628, 134 Am. St. Rep., 1127, 106 Pac., 170; Lumbermen's Natl. Bank v. Campbell, 61 Oregon, 123, 121 Pac., 427; Okla. State Bank v. Seaton, 69 Okla., 99, 170 Pac., 477; Natl. Citizens Bank v. Toplitz, 81 App. Div., 593, 81 N. Y. Supp., 422; Cowan v. Ramsey, 15 Ariz., 533, 140 Pac., 501; First Sav. Bank & T. Co. v. Flournoy, 27 N. M., 256, 171 Pac., 793; Bertin & Lepori v. Mattison, 80 Oregon, 354, 5 A. L. R., 590, 157 Pac., 153; Davis v. First Natl. Bank, 86 Oregon, 477, 161 Pac., 93, 168 Pac., 929; First State Bank v. Lang, 55 Mont., 146, 9 A. L. R., 1139, 174 Pac., 597; Cellers v. Meachem (Cellers v. Lyons), 49 Oregon, 186, 10 L. R. A. (N. S.), 133, 89 Pac., 426, 13 Anno. Cases, 997; First Natl. Bank v. Meyer, 30 N. D., 388, 152 N. W., 657; Graham v. Shepard, 136 Tenn., 418, 189 S. W., 867, Anno. Cases, 1918e, 804; Butte v. Industrial Accident Bd., 52 Mont., 75, 156 Pac., 130.

*Thomas, Frank, Milam & Touchstone,* and *Herbert Price,* for defendant in error.

The evidence shows that without the knowledge or consent of Mr. Howth, the time of the payment of the note was extended by the company by an agreement made with Miller, at which time Miller gave the company additional security. We think, therefore, that the facts in the case bring it clearly within the rule long prevailing in Texas which discharged a surety upon a note where an extension of time is given to the principal maker

thereof by the holder for a valuable consideration with the surety's knowledge or consent.    First Natl. Bank v. Rusk Power & Ice Co., 136 S. W., 89; Fambro v. Keith, 122 S. W., 40; Cruse v. Gau, 193 S. W., 405; Benson v. Phipps, 87 Texas, 578; Scarborough v. McKinnon, 202 S. W., 223; Short v. Shannon, 211 S. W., 463.

The cases which hold a surety is no longer discharged in cases like the one at bar base the decision upon the ground that the modes of discharge of a person primarily liable mentioned in the Uniform Negotiable Instruments Act are exclusive.    Vanderford v. Farmers Bank, 105 Md., 164, 66 Atl., 47; Cellers v. Meachem, 49 Oregon, 186, 89 Pac., 426; Bradley Engineering Co. v. Heyburn, 56 Wash., 628, 156 Pac., 170; Cleveland Natl. Bank v. Bickel, 159 Pac., 302; Richards v. Market Exchange Bank Co., 81 Ohio State, 248, 90 N. E., 1000.

It is readily apparent that the courts which have changed the rule of suretyship have construed Sec. 119 of the Act (6001-A-119, R. C. S.) as if it provided how a person primarily liable on a negotiable instrument is discharged, instead of interpreting it as it really reads: "A negotiable instrument is discharged * * *" Sec. 196 of the Act as set out in Brannan's work provides the following: "In any case not provided for in this Act the rules of the law merchant shall govern."    Now since the discharge of a surety upon a note by an extension of time granted to principal by holder with knowledge of the relation is neither a discharge of the instrument nor a discharge of the person secondarily liable, this should be regarded as an omitted case and one to be governed by the law merchant, under Sec. 196.

Again, the discharge of a surety by an extension of time to the principal debtor is most clearly covered in the fourth subdivision of Sec. 119 of Brannan's work.    (Art. 6001-A-119, R. C. S.) Such fourth subdivision reads as follows:

"By any other act which will discharge a simple contract for the payment of money."

The decisions of some of the other States to which we have referred have certainly not met with favor.    Professor Street, in 11 Law Notes, 105; Hon. A. M. Eaton, Reports of American Bar Association, 1907, page 1164; Professor Greeley, 10 Illinois Law Review, 277; Professor Henning, 59 U. of P. Law Review, 332, and H. H. McMahon, 8 Ohio Law Reporter, 25, have all severely criticised such holdings.    Brannan in his splendid work on the Negotiable Instruments Law, pages 313, 314 and 315,

clearly demonstrates the incorrectness of the decisions changing the rule of suretyship involved in this case.

In the following cases it was held that where the note is in the hands of the original holder that he is not to be considered a holder in due course, and that a maker known to this holder to be a surety is discharged by an extension given the principal maker without the surety's consent:  Fullerton Electric Co. v. Snouffer, ·139 Iowa, 176, 117 N. W., 50; Long v. Schaffer, 171 S. W., 691.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The question presented by this case was whether the undisputed facts showed that Howth was discharged from liability on a certain negotiable note signed by him and another as joint makers.   The facts disclosed that Howth executed the note as an accommodation maker, receiving no consideration, the other maker being actually the principal obligor, as the payee, who sues herein, well knew; and that such payee, without Howth's knowledge, for a valuable consideration, extended to the principal obligor a further definite period of time for the note's payment.   The District Court gave a peremptory instruction against Howth.   On appeal, the judgment of the District Court was reversed and judgment was rendered for Howth.   280 S. W., 238.   At the last term, the Supreme Court overruled a motion for a rehearing of its action in refusing a writ of error to review the judgment of the Court of Civil Appeals in favor of Howth.

We are fully satisfied with the correctness of the action of the Court of Civil Appeals and ordinarily would add nothing to what has been written by that court.   The question is not only one of importance in applying the provisions of the Uniform Negotiable Instruments Act, but is one on which the various courts of last resort are not in accord.   We, therefore, gave the question quite careful consideration before we refused the application for writ of error, and deem it best to write some of the reasons which impelled to us to conclude that the accommodation maker was not liable on the note.

Howth's right to the peremptory instruction necessarily follows from the conclusion that the payee plaintiff to whom the completed note was originally delivered, was not "a holder in due.course" as defined in the Negotiable Instruments Act.

Plaintiff was the "holder" of the note as the payee in possession of it, Sec. 191, Art. 5948, and was entitled to sue thereon. Sec. 51, Art. 5935.   Plaintiff not being "a holder in due course,"

the note was subject to every defense to which it would be subject if it were non-negotiable. Sec. 58, Art. 5935. A complete defense to the suit of a holder of a non-negotiable note in behalf of an accommodation maker would be established by his pleading and proving that the holder of the note had made a binding agreement with the principal obligor to extend the note for a definite time, with knowledge of the status of the accommodation maker and without his consent. Burke v. Cruger, 8 Texas, 66, 58 Am. Dec., 102; Ryan v. Morton, 65 Texas, 260; Wylie v. Hightower, 74 Texas, 306, 11 S. W., 1118; Benson v. Phipps, 87 Texas, 578, 47 Am. St., 128, 29 S. W., 1061; Lonergan v. San Antonio Trust Co., 101 Texas, 77, 22 L. R. A. (N. S.), 364, 130 Am. St., 803; Brandt on Suretyship and Guaranty, 2nd Ed., Secs. 342, 375.

The principle underlying all the cases on this subject is that one cannot be bound by a contract to which he has not given his assent. Consent to become surety for another's promise to pay at one time is not consent to be surety for such other's promise to pay at an altogether different time. The Negotiable Instruments Act recognizes the essence of the engagement of the maker of a negotiable instrument to be "that he will pay it *according to its tenor,*" and not according to quite different terms. Sec. 60 of Art. 5936.

In order for one to be a holder in due course of a negotiable instrument under the Act's own definition, he must have had no notice of any infirmity in the instrument or of any defect in the title of the person negotiating it "at the time it was negotiated to him." Sec. 52, Art. 5935. All doubt as to the meaning of the word "negotiated" as used in Sec. 52 is removed by the declaration in Sec. 30 of Art. 5934 that "an instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery." This definition explicitly calls for a passage of title to the note itself from one person to another. This requires more than that the note has become a completed contract in the hands of the original holder or holders. In the case of a note payable in ordinary form to a person's order, the statute explicitly requires something further to accomplish its negotiations than the note's delivery to the payee as a completed instrument, to-wit: indorsement by such payee—followed by delivery by the payee to another.

There are other provisions of our statutes which persuade us

that in Texas the payee who is an immediate party to a negotiable note on its original completion is not intended to have the rights of "a holder in due course." Sec. 16 of Art. 5932 expressly makes available defenses arising from a note's nondelivery or unauthorized delivery "as between immediate parties" while conclusively presuming a valid delivery in favor of every "holder in due course." Sec. 28 of Art. 5932 makes partial or total failure of consideration a *pro tanto* or complete defense "as against any person not a holder in due course." Art. 574 of the Revised Statutes makes partial or total failure of consideration available to a defendant in every suit on a written instrument where it "shall remain in the possession of the original payee or obligee." It is our plain duty to give effect to both Sec. 28 of Art. 5932 and to the quoted provision of Art. 574, as enacted by the same Legislature at the same time, if possible. Cole v. State, 106 Texas, 474, 170 S. W., 1036. The two articles can both be made operative, without repugnancy, only by recognizing that the original payee is not "a holder in due course," as defined in Sec. 52 of Art. 5935.

The 1925 Revised Statutes retain the articles whereby any surety may have a trial of the question of his suretyship, no matter what may be the form of his contract, and whereby any surety may require the prompt enforcement of the contract on which he is surety as soon as it matures. Arts. 6244 and 6246, R. S. The statutory rights thus accorded the surety would be utterly defeated if he were compelled to abide by extensions consummated regardless of his will.

When the Negotiable Instruments Act comes to specify the defects in title and the defenses, of which a negotiable instrument is freed in the hands of a holder in due course, it is notable that it specifies defects in the titles of *prior* parties and defenses available among *prior* parties. Sec. 57 of Art. 5935. Ordinarily at least there are no *prior* parties to those whose acts are essential to the execution of the negotiable instrument as an original, completed contract.

The decisions of the Iowa Supreme Court in Vander Ploeg v. Van Zuuk, 135 Iowa, 350, 13 L. R. A. (N. S), 490, 124 Am. St. Rep., 275, 112 N. W., 807, and in Builders Lime & Cement Co. v. Weimer, 170 Iowa, 444 Anno. Cases, 1917c, 1175, 151 N. W., 100, are among the best adopting the view which we accept as correct. The opposite view is forcibly declared in Liberty Trust Co. v. Tilton, 217 Mass., 462, L. R. A., 1915b, 144, 105 N. E., 605. A careful review of English and American decisions is made by Professor Feezer of the University of South Dakota in Volume 9 of the Minnesota Law Review at page 101.

The doctrine of the cases which we decline to follow is that a note is negotiated when any person for value becomes its owner. This doctrine seems to ignore the distinction, clearly drawn by the Act between a note's "issue" and "negotiation." Sec. 191 says: "Issue means the first delivery of the instrument, complete in form, to a person who takes it as holder." "Issue" is therefore the usual first step toward "negotiation," which results under Sec. 30 when the first or a later holder passes the note to another person in such manner as to constitute the latter a holder.

The Massachusetts cases and others in accord therewith do not regard the methods prescribed by Sec. 30 for the "negotiation" of a note payable to "bearer" or to "order" as exclusive. Yet, Sec. 30 follows Sec. 1, which prescribes as an indispensable essential to render an instrument negotiable that it be payable to order or to bearer and not otherwise.

Since the language of the Act so manifestly supported it, we much preferred that construction which prevented holding a party to an engagement to which he had never assented, and plaintiff in error's motion for a rehearing was accordingly overruled.