## HELMS v. DAY.

No. 14980.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 29, 1948.

Rehearing Denied Dec. 3, 1948.

HALL, Justice.

Appellee, Dr. Giles W. Day, of Tarrant County, Texas, sued appellant, William W. Helms, of Tarrant County, Texas, for the balance of $250 due and owing to him by appellant on a note in the sum of $400.

Appellant (defendant) alleged, in his second amended answer, failure of consideration, substantially as follows: That his wife was ill and he took her to appellee for treatment; that after examination, appellee informed appellant that he could and would restore appellant's wife to a normal mental condition, upon condition that appellant pay appellee the sum of $550 in advance; that upon such representation appellant accepted said terms by paying appellee $150 in cash and by executing the note in question for the balance, payable $75 monthly; that appellee began treating appellant's wife until he completed eighteen or twenty treatments; that appellant's wife gradually became worse under the treatment until she was forced to discontinue them, and as a result, there was and is a failure of consideration for the note in question.

Paragraph 4 of said answer reads as follows: "4. That in demanding and accepting said note, plaintiff agreed and undertook to cure defendant's wife of the ailment from which she was suffering, and having failed in such undertaking, he is not entitled to recover on said note."

Appellant sued appellee by way of cross action for recovery of the $150 cash payment and the $150 which he had paid on said note because of said failure of consideration.

While it is noted that appellant's petition alleging failure of consideration is not verified, as directed under section (j), Rule 93, Texas Rules of Civil Procedure, however, the same is susceptible to being waived and was so waived by appellee. Exchange National Bank v. Parsons, Tex.Civ. App., 116 S.W.2d 817; Shaw v. Porter, Tex.Civ.App., 190 S.W.2d 396, writ refused, W. M.

The case was tried to a jury to which the court instructed a verdict in favor of appellee.

H. T. Cooper and Thomas G. Rumph, Jr., both of Fort Worth, for appellant.

Frank Ogilvie, of Fort Worth, for appellee.

Appellant predicates this appeal upon three points, complaining principally of the court in disallowing the jury to pass upon his defensive issues pertaining to failure of consideration which was supported by his pleadings and evidence.

Appellee contends the trial court was correct in directing the verdict because appellant's defenses were not supported by competent testimony, in that such testimony reflects malpractice which can only be testified to by expert testimony. While it is a true statement of the law that malpractice must be established by competent evidence, to wit, expert testimony, yet we find that it is also a true statement of the law that a lay witness may testify to the general condition of persons with whom witness is acquainted and associated frequently. We do not construe appellant's allegations to be those of malpractice.

It is also the law that the maker of a note may set up as a defense, by way of cross action, in payee's action, failure of consideration and breach of warranty for which note was given. Stevens-Etter Co. et al. v. Grain Juice Co., Tex.Civ.App., 285 S.W. 667.

In the case of J. I. Case Threshing Machine Co. v. Howth, 116 Tex. 434, 293 S.W. 800, 801, the following is stated: "There are other provisions of our statutes which persuade us that in Texas the payee, who is an immediate party to a negotiable note on its original completion, is not intended to have the rights of 'a holder in due course.' Section 16 of article 5932 expressly makes available defenses arising from a note's nondelivery or unauthorized delivery 'as between immediate parties,' while conclusively presuming a valid delivery in favor of every 'holder in due course.' Section 28 of article 5933 makes partial or total failure of consideration a pro tanto or complete defense 'as against any person not a holder in due course.' Article 574 of the Revised Statutes makes partial or total failure of consideration available to a defendant in every suit on a written instrument, where it 'shall remain in the possession of the original payee or obligee.' "

It is also the law that a doctor may contract with a patient by an express agreement to either cure or not charge and if so he is bound by the general rules pertaining to the laws of contract. See 33 Tex.Jur. 364, sec 81; Lakeside Sanitarium v. Dickens, Tex.Civ.App., 259 S.W. 1110; 10 Tex. Jur. pages 395–531. Also see Express Guaranty under Physicians and Surgeons, 27 A.L.R., p. 1255.

In 41 Am.Jur., p. 262, sec. 149, it is said: "Actions by physicians for compensation for services rendered are not different in their general aspects from actions of like nature generally, and are controlled by the same general principles, as set out in other articles."

In the absence of a special contract to either cure or not charge for services, it is a rule of law that a doctor never insures results but simply engages that he possesses a reasonable degree of skill, such as ordinarily possessed by a profession generally, and to exercise that skill with reasonable care and diligence, and again to exercise his best judgment, and while so performing he is not responsible for his mistakes of judgment. Of course such general rule may be varied by special circumstances or agreements. Graham v. Gautier, 21 Tex. 111, 112.

Appellee's measure of recovery for partial performance may, by proper pleading and proof, be based on quantum meruit, that is, recovery of a reasonable value of his services rendered and materials furnished in lieu of contract, less any payments made, as well as any damage which appellant's wife may have suffered, as in the case of a contractor. See 7 Tex.Jur. 620, sec. 61; also see case of Rogers v. Mexico City Banking Co., 46 Tex.Civ.App. 475, 103 S.W. 461, wherein the banking company sued on notes executed for services rendered by a doctor and, in the alternative, sued on quantum meruit.

Finding that the trial court erred in instructing the verdict, we reverse and remand the case for a new trial.