**N. E. GUTHRIE, Jr., Appellant,**

**v.**

**NATIONAL HOMES CORPORATION,**
**Appellee.**

No. 16603.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 29, 1965.

Rehearing Denied Feb. 26, 1965.

Short & Smith, and Ray Gene Smith, Wichita Falls, for appellant.

Fillmore, Schaeffer & Fillmore, and Roy Schaeffer, Wichita Falls, for appellee.

MASSEY, Chief Justice.

As originally filed the plaintiff was National Homes Corporation and the defendants were N. E. Guthrie, Jr. and John D. Crow. Plaintiff obtained judgment against

both defendants, jointly and severally. Crow did not appeal, but Guthrie did. Our relation of the controversy will, therefore, primarily bear upon the same as it existed between the plaintiff and Guthrie.

Recovery under the judgment was upon allegations as in a suit on a promissory note. Indisputably, there was a balance owing on the note. The suit was between the original parties to the transaction and note, the same having been executed by Crow, allegedly as agent of Guthrie for the purpose. Guthrie's signature did not appear on the instrument. Indeed, Crow signed the note as "Crow" and the name "Guthrie" nowhere appeared.

■ As between the original parties a promissory note is a simple contract until it takes on peculiar features through negotiation by the payee or as may be expressly declared by statute. Certainly, as between the original parties, such an instrument is in Texas a simple contract governed by the fundamental rules applicable to contract law. 11 Am.Jur.2d 29, "Bills and Notes", § 1 "Contracts and bills and notes compared"; 9 Tex.Jur.2d 12, "Bills and Notes", § 1, "In General"; 11 Am.Jur.2d 716, "Bills and Notes", § 653, "(Effect of holder in due course status)—Absence of such status".

With such recognized as the law applicable to the instant case we have little difficulty resolving one question posed. Guthrie contends that he may not be held liable as a principal obligor on the note because his signature does not appear thereon. There is no statement of facts. Under the jury findings (which are a part of the record presented to us) it was established that though the note was executed for his sole benefit Guthrie had not theretofore authorized the execution. Under further findings of the jury it was found that he did thereafter ratify its execution. Guthrie assumed the obligation to and did make payments upon the note. In the judgment credit was given for the payments so made.

■ Under principles of the doctrine of agency, particularly those applicable to ratification by that disclosed principal for whom an agent purported to act though not thereunto authorized at the time, and in respect to assuming payment of a note bearing only the signature of the one whose obligation is ratified (as though its execution was originally directed by the principal), we hold that Guthrie became a party primarily obligated upon the note. See sections under Chapter 4, Topics 1 to 4, inclusive, Restatement of the Law on Agency. We may assume that the evidence of Crow and plaintiff showed that Crow professedly executed the note on Guthrie's account, in the belief that he was thereunto authorized. Although not binding on Guthrie at the time it could have been had the execution been directed by him. That being true he could later ratify, as the jury found he did.

Under one point another material question for determination relates to the matter of what sum should be treated as the original principal amount owing. As prepared, the note's principal sum was expressed in words as "Five Thousand Eighty and 00/100 Dollars". The sum payable, as expressed in figures (sometimes referred to as marginal figures in the corner of the note), was the amount $5,780.00.

Texas adopted the Uniform Negotiable Instruments Act in 1919. It appears as Article 5932 et seq. in Vernon's Annotated Texas Statutes. Section 17 thereof, under subsection 1, provides that where the sum is expressed in words and also in figures and there is a discrepancy between the two, the sum denoted by the words is the sum payable. Based upon this and other language in the Act it is impliedly provided that parol evidence, which would show that the sum expressed in figures (and not the sum expressed in words) was the true principal sum, should be disregarded and treated as incompetent evidence.

■ This is Guthrie's contention. He says that if he is primarily liable upon the

note (which we have hereinabove held) the unpaid balance owing on the principal indebtedness should be $80.00 and not $780.00 as contemplated by the judgment of the trial court. Our question is: must we treat the original principal sum as the amount expressed by words, $5,080.00, or may we consider evidence introduced to show that the proper contractual sum agreed upon by the parties was $5,780.00, and that the amount expressed by the words was incorrect and inadvertently written. There is no statement of facts, so we are obliged to view the record as though such was shown by evidence.

■■ Under the general rules applicable in construction of contracts it might be said that presumptions to be made from the instrument itself would be contradictory. One such would be that the written words would be treated as correct when they contradicted the figures. Another would be that the construction would be that the figures would be treated as reflecting the proper amount because the contract should be construed most strongly against the party who drew or wrote it and was responsible for the language used. We do not doubt, however, that the ambiguity existent is *as to the intent of the parties* relative to the amount to be inserted as that agreed to be paid. In such an instance parol evidence is admissible. 13 Tex.Jur.2d 264, "Contracts," § 110, "Function of court and jury."

■ Although we know of no case where such has been expressly held as applied to the aforementioned section and subsection of Article 5932, "Negotiable Instruments Act", we have no doubt that it would be proper to treat as admissible evidence of such an error and mistake. Such evidence would have probative force and effect to establish the true and correct amount upon which the parties contracted and by which they should be bound. It is to be remembered that the instrument, although a negotiable instrument, had not been negotiated. The parties to the cause of action were to be treated as "original" parties as applied to the contractual transaction.

Since we have no statement of facts we may not be certain that parol evidence to the effect that $5,780.00 was the proper amount was contradicted by any other evidence. The form of special issues, answered by the jury in favor of the plaintiff, indicates that there was controversy over the correct amount, but we would not be bound to believe there was contradictory evidence merely because such issues were submitted. We are obliged to treat the amount of $5,780.00 as certainly established without contradiction. Guthrie's point of error merely complains of the trial court having admitted and considered parol evidence. It is overruled.

Other points of error complain of the trial court's action in overruling Guthrie's motion for instructed verdict and his motion for judgment non obstante veredicto. Premise for both complaints lies in Guthrie's contention that he may not be held liable since his signature did not appear on the note. We have already held that presence of his signature was not essential to the imposition of liability.

Judgment is affirmed.