Waco Brazos Club v. Kennedy 






NO. 10-90-145-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          WACO BRAZOS CLUB, INC.,
                                                                                            Appellant
          v.

          ALICIA NORMAN KENNEDY,
                                                                                            Appellee

* * * * * * * * * * * * *

 From County Court at Law
McLennan County, Texas
Trial Court # 900139 CV1

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          In a trial before the court, Alicia Kennedy, appellee, was awarded a judgment against Waco
Brazos Club, Inc., for commissions due under an employment contract. We affirm the judgment.
          Kennedy was employed by Waco Brazos Club as membership secretary on January 19,
1989. She resigned her employment effective November 15, and subsequently filed this suit for
payment of commissions she alleges were earned under her employment contract. The provision
of the contract in question is:
Employee must by [sic] employed either by this club or another CCA club in this
region for payment of commissions. Commissions are paid on a pro rata share of
time employed. For example if start date is week 9, only 33% of first quarter
commission is due, and only 85% of year end commission is due.

          In the first point of error, Waco Brazos Club complains that the court erred as a matter of
law by interpreting the written contract in a manner that made the first sentence of the agreement
meaningless. However, the record contains no statement of facts, findings of fact or conclusions
of law to negate the possibility that ambiguity, accident, mistake or any other defense was tried
by consent. Although a statement of facts is not necessary to show a defect in pleadings, one is
necessary to show that Waco Brazos Club objected to the introduction of any evidence not raised
by the pleadings so as to prevent trial by consent. See Star-Tel, Inc. v. Nacogdoches
Telecommunications, Inc.. 755 S.W.2d 146, 148 (Tex. App.--Houston [1st Dist.] 1988, no writ). 
Thus we must conclude that some defensive theory was tried by consent and that sufficient
evidence existed to support the judgment. Roever v. Delaney, 589 S.W.2d 180, 182 (Tex. Civ.
App.--Fort Worth 1979, no writ); Rasbach v. Mincken, 559 S.W.2d 913, 914 (Tex. Civ. App.--Waco 1977, no writ). Point one is overruled.
          Waco Brazos Club argues under points two and three that only inadmissible parol evidence
supported the judgment. Waco Brazos Club had to present a record on appeal sufficient to show
error requiring a reversal. See Tex. R. App. P. 50(d); Englander v. Kennedy, 428 S.W.2d 806
(Tex. 1968). Without a statement of facts, findings of fact and conclusions of law, we must
presume that adequate testimony and evidence was presented to support the judgment. See Guthrie
v. National Homes, 394 S.W.2d 494, 495 (Tex. 1965); Star-Tel, Inc., 755 S.W.2d at 148;
Rasbach, 559 S.W.2d at 914. We overrule points two and three and affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice
Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed March 14, 1991
Do not publish



cross-examine Carrasco's attorney
during his case-in-chief, but it also forfeited its right to call any expert witnesses because it failed
to comply with the discovery rules. Tex. R. Civ. P. 166b(6)(b), 215(5). Because TTI had not
identified any experts, it could not have called an expert to testify and could not have rebutted
Carrasco's evidence of attorney's fees and costs. Id.
      TTI filed a motion for leave to amend its motion for rehearing alleging two additional points
of error. We granted leave to file the amended motion, considered the additional points, and have
found them to be of no merit. TTI's motion for rehearing is denied. 


                                                                               BOB L. THOMAS
                                                                               Chief Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Motion denied
Opinion delivered and filed November 8, 1995
Do Not Publish