**TEXAS GULF TRUST COMPANY,**
Appellant,

v.

**Nicholas S. NOTIAS, Appellee.**

No. 13866.

Court of Civil Appeals of Texas.

Houston.

Jan. 4, 1962.

Rehearing Denied Jan. 25, 1962.

Gerald S. Gordon, Houston, for appellant.

Harold R. DeMoss, Jr., Bracewell, Reynolds & Patterson, Houston, of counsel, for appellee.

BELL, Chief Justice.

Appellant sued appellee on a promissory note in the amount of $2,000.00, alleging the note to have been executed, signed and delivered by appellee and his wife on July 10, 1958 and made payable to appellant as payee. The note was attached as an exhibit to the petition.

The appellee, denying liability, answered that Everette B. Fearrington approached him and requested that he become surety on a loan to be made to Fearrington, the loan to be secured by a lien on Lot 7, Block 3, Preston Place in the City of West University Place. Fearrington represented that

he wanted to make some repairs on the property and rent it for enough to cover the first and second mortgage payments, but he could not get the necessary loan unless appellee would become his surety. On July 10, 1958, Fearrington produced some papers representing they were the papers he needed to have appellee sign so Fearrington could get the loan. The representation was made that appellee would be but a guarantor or surety. Among the papers was the note sued upon. This was not known to appellee who did not read the instruments because he was relying on Fearrington's representations that he was merely signing as a surety. He signed the note as maker without knowing it.

The above allegations find support in the evidence. Too, it appears from the evidence that Fearrington and his wife executed a deed to appellee and wife conveying the above described property. The deed recited that a part of the purchase price was the note sued upon payable to appellant. Also it recited the assumption by appellee and wife of a $10,700.00 indebtedness payable to Carl Peterson & Son, Inc. A vendor's lien was retained in the deed to secure the note sued on. The deed was never delivered and appellee and his wife never knew of it until later when demand was made on them for payment of the note. The evidence further shows that before execution of the note Fearrington contacted an officer of appellant about buying a second lien note secured by a lien on the above property. In addition to the officer of appellant, he talked with Mr. Gordon, the appellant's attorney. A check was made on appellee's credit and it was satisfactory to appellant. Appellee never made any application to appellant for a loan. Mr. Gordon was told by Fearrington the note had not been executed so Mr. Gordon prepared the note sued upon and the deed. Since the note had not been executed Mr. Gordon prepared it so as to make appellant payee. The agreement between appellant and Fearrington was that appellant would pay $1,000.00 though the note was for $2,000.00. There-

after Fearrington took the note and deed to a title company who issued their mortgagee's policy to appellant. Neither appellee nor his wife ever had any contact with appellant or the title company. The title company paid to Fearrington the $1,000.00 furnished by appellant less some closing costs. The first appellee knew of appellant's claim was when he received notice about making payments and he then told appellant of his agreement with Fearrington that he would become surety only. There is no suggestion that appellant had any actual notice of the real agreement between appellee and Fearrington.

The jury found facts establishing fraud on the part of Fearrington and found that actually appellee was only to be a surety. The facts found by the jury were such as to constitute a defense as between appellee and Fearrington.

Appellant complains here that the trial court erred in not granting its motion for instructed verdict and its motion for judgment non obstante veredicto. The contentions are based on its assertion that it was a holder in due course of a negotiable promissory note within the meaning of Section 52 of the Negotiable Instruments Act, Vernon's Ann.Civ.St. art. 5935, and, if it was not a holder in due course it was a holder for value under Section 29 of said Act, Vernon's Ann.Civ.St. art. 5933. It is conceded that if appellant is not a holder for value or a holder in due course, the trial court acted correctly.

The appellant is not a holder in due course because it is the payee in the note. Texas follows the rule that a payee may not be a holder in due course because the instrument in the payee's hands has never been "negotiated." It has been "issued" to the payee. To be a holder in due course the instrument must have been negotiated and to be negotiated the instrument must have been in existence. It is the instrument itself that is negotiated. A nonexistent negotiable instrument cannot be negotiated. J. I. Case Threshing Machine

Co. v. Howth, 116 Tex. 434, 293 S.W. 800; Williams v. Jones, 122 Tex. 61, 52 S.W.2d 256; Foster v. Security Bank and Trust Co., 288 S.W. 438, Tex.Com.App.; The Chesser Company v. Riverside Motors, Inc., Tex.Civ.App., 306 S.W.2d 911, no writ hist.

Appellant relies on the case of Belt v. Smith, Tex.Civ.App., 264 S.W. 1027, no writ hist. The case does support his position. The case has never been cited in Texas and we regard the holding to be contrary to subsequent Supreme Court and Commission of Appeals decisions and that it has therefore been overruled.

Appellant says it is nevertheless a holder for value because it paid value without notice of any defect.

We overrule this Point of Error.

■ The appellee while appearing to be a maker had not in fact agreed to become a maker and did not know he had become such. His agreement with Fearrington was to become a surety or guarantor and thus only secondarily liable. He was induced by the fraud of Fearrington to sign as maker. Factually, therefore, he was not an accommodation maker. Had he been, then under Section 29 of the Act he would be liable to a holder for value despite there being no consideration for his becoming a maker. Section 29 merely provides in substance for liability to a holder for value of a maker, drawer, acceptor or endorser though he has received no consideration.

Also Section 58 of the Act provides that in the hands of a holder other than a holder in due course, the negotiable instrument is subject to the same defenses as a non-negotiable instrument. As we have held, appellant is not a holder in due course. As between Fearrington and appellee certainly appellee had a defense of fraud in inducing the execution as maker. The same defense is available as to appellant who is not a holder in due course.

We have no issue made in this case of the existence of any estoppel against appel-

lee and therefore do not pass on appellant's rights under such theory. Appellant merely seeks to stand on the contention that it is a holder for value.

The judgment of the trial court is affirmed.