UNITED STATES FIDELITY & GUAR-
ANTY COMPANY, Appellant,

v.

TEXAS BANK & TRUST COMPANY OF
DALLAS, Guardian, et al., Appellees.

No. 16361.

Court of Civil Appeals of Texas.

Dallas.

June 26, 1964.

Rehearing Denied July 17, 1964.

Johnson, Guthrie, White & Stanfield,
Dallas, for appellant.

William I. Lofland, Rockwall, and Brun-
didge, Fountain, Elliott & Churchill, Dallas,
for appellees.

WILLIAMS, Justice.

This action was instituted by Texas Bank & Trust Company of Dallas, as Guardian of the Estates of Janet Marie Miller, Ella Sue Miller, Teresa D. Miller, and Joyce Diane Miller, the minor children of Walter Miller, deceased, and Blanche Miller. Named as defendants were Blanche Miller Lindley, individually and as Administratrix of the Estate of Walter Miller, deceased, J. P. Lindley, the present husband of Blanche Miller Lindley, United States Fidelity & Guaranty Company, being surety upon a $5,000 bond for Blanche Miller Lindley as administratrix of the Miller estate, and The First State Bank, Rockwall, Texas. Plaintiff sought to recover $2,500 claimed to have belonged to the guardianship estate and allegedly misappropriated by the Lindleys with the claimed knowledge of the Rockwall bank. United States Fidelity & Guaranty Company sought judgment over and against the Lindleys and the Rockwall bank in the event it was held liable on its bond to the plaintiff. Trial was had to the court, without a jury, and a judgment was rendered in favor of Texas Bank & Trust Company against Blanche Miller Lindley, individually and as Administratrix of the Estate of Walter Miller, deceased, J. P. Lindley, and United States Fidelity & Guaranty Company in the sum of $2,500, with interest and costs. United States Fidelity & Guaranty Company was given judgment over and against the Lindleys but the court denied to Texas Bank & Trust Company and United States Fidelity & Guaranty Company any right to recover over and against The First State Bank, Rockwall, Texas. United States Fidelity & Guaranty Company, alone, has perfected this appeal complaining of that part of the judgment denying it recovery over against The First State Bank of Rockwall. Affirmed.

## FACTS

The facts were stipulated. Walter Miller died July 19, 1955 and left surviving his wife, Blanche Miller, and the four minor children. Thereafter Blanche Miller married J. P. Lindley. On November 8, 1955, Blanche Miller Lindley was appointed executrix of the estate of Walter Miller, deceased, in the Probate Court of Dallas County, Texas and qualified by taking the oath and providing a $5,000 bond executed by United States Fidelity & Guaranty Company, as surety. In her application to be appointed administratrix, Blanche Miller Lindley recited that administration was necessary only to allow the collection of the proceeds of a national service life insurance policy from the Veterans Administration in the sum of $5,000, such policy not designating a beneficiary, and the government requiring the appointment of an administratrix in order to collect the proceeds of such policy. On or about August 27, 1957 the Veterans Administration delivered to Blanche Miller Lindley a check in the sum of $5,000 payable to "Blanche Miller Lindley, ADMIN OF THE ESTATE OF WALTER MILLER." On August 27, 1957 Texas Bank & Trust Company of Dallas was appointed guardian of the estates of the four children, such order being from the County Court of Collin County, Texas. As guardian of the estates of said children, the Texas Bank & Trust Company of Dallas did not at any time receive any money from Blanche Miller Lindley, as administratrix of the estate of Walter Miller, deceased. One-half, or the sum of $2,500, of the proceeds of the check from the Veterans Administration belonged to the minor children. On August 29, 1957 Blanche Miller Lindley took the $5,000 check from the Veterans Administration to The First State Bank, Rockwall, Texas, where she received $100 in cash and placed the balance of $4,900 in her personal account in the name of Blanche C. Lindley. The check was endorsed "Blanche Miller Lindley." The Rockwall bank made out a signature card authorizing both Blanche C. Lindley and J. P. Lindley to draw checks on the account. No other funds were ever deposited in this account. Thereafter, J. P.

Lindley withdrew $2,933.40 from the account, evidenced by a large number of checks given to different payees; $650 was drawn out by both Blanche C. Lindley and J. P. Lindley, and Blanche C. Lindley withdrew $1,202.53. None of the proceeds of the $5,000 check was ever used for the benefit of the minor children and none was ever paid to the guardian. At the time Blanche Miller Lindley opened the account at the Rockwall bank she was waited on by Odis A. Lowe, Jr., President of the bank, who testified that he had only met Mrs. Lindley a few days prior to August 29, 1957. He did not know at that time that Mrs. Lindley had minor children. He said he asked Mrs. Lindley whether or not anyone else had an interest in the check tendered for deposit and she replied that it was her personal check and that she wanted it deposited in her name. He further testified that it was customary, in accounts dealing with administrators, for surety companies making bonds for such administrators to present the bank with a copy of *letters of administration from the court*, along with a joint control agreement from the bonding company showing how the account is to be entitled and the authorized signatures on checks drawn against the account. However, in this case neither he nor the bank had any notice from any bonding company or anyone else with reference to a joint control agreement from a surety company.

## OPINION

By its two points on appeal, briefed together, appellant contends that the trial court erred in refusing to grant to it a judgment over against The First State Bank, Rockwall, Texas, because the bank had knowledge that the $5,000 check made payable to Blanche Miller Lindley, as administratrix of the estate of Walter Miller, deceased, which it deposited to Blanche Miller Lindley's private account, was trust money and it knowingly assisted the fiduciary of such trust to breach it by permitting J. P. Lindley, whom it knew to be a complete stranger to the trust, to check out a portion of such trust funds which he used for his own benefit.

Appellee, The First State Bank, Rockwall, Texas, counters by contending: (1) That the bank was entitled to rely on the statement of its depositor that no one other than herself had any interest in the funds, and hence was not chargeable with knowledge that the fund in question was, in part, trust funds; and (2) that assuming, *arguendo*, that the account was partially trust funds, the fact that the husband of the depositor was authorized to check on the account does not constitute actual notice of misappropriation of the fund.

We cannot agree with appellant's basic argument which is to the effect that because the check was payable to Mrs. Lindley as administratrix such fact placed the Rockwall bank on notice, as a matter of law, that the funds were trust funds, and that others had an interest in said trust fund, regardless of Mrs. Lindley's statement to the contrary and that, possessed with such knowledge, the bank was obligated to make further inquiry as to the legal limitation placed upon the funds evidenced by the check. The fact that an instrument is payable to one as administrator or administratrix does not necessarily imply that someone other than the person named is interested in the funds evidenced by the instrument. A person may be an administrator or administratrix of an estate wherein the only person interested is such administrator or administratrix. This is illustrated by Mrs. Lindley's application for appointment as executrix. Such is not the case in a guardianship where the very existence of such necessarily implies wards. The designation of one as "trustee" also carries with it the legal implication of others who are beneficiaries of the trust. In this case the Rockwall bank had every legal right to believe that Mrs. Lindley was the only beneficiary of the estate of Walter Miller, deceased.

Neither can we agree with appellant's contention that the mere fact that Mrs. Lindley was made administratrix of the estate carries with it the implication of the necessity of administration and that she was appointed as a fiduciary by the probate court. It is a matter of common knowledge that the Federal Government will not issue a check for the proceeds of veterans' life insurance to one not named as beneficiary in such policy without the appointment of an administrator or administratrix to receive same.

██ Even if it may be assumed that the Rockwall bank had knowledge, either actual or constructive, of any trust relationship existing by virtue of the appointment of Mrs. Lindley as administratrix of the estate of Walter Miller, deceased, yet such fact, alone, would not cast liability upon the bank by virtue of the action of Mrs. Lindley in withdrawing the funds for her own benefit. It is the law of this state that there is a presumption that a trustee or fiduciary will legally perform their functions.

The law was announced by our Supreme Court in Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 127 Tex. 407, 93 S.W.2d 701, 106 A.L.R. 821, which involved a bill of exchange payable on its face to one in a trust capacity which was deposited in a bank in the individual account of the trustee and thereafter withdrawn. The question presented to the Supreme Court was whether the bank was liable for the loss of the funds to the true owner where the bank had received no part of the funds and had *no actual knowledge* that the funds were being checked to persons not entitled to receive them. In holding no liability on the part of the bank in that case Justice Critz said:

"In this connection, we think the great weight of and better authority is to the effect that it is not deemed a breach of trust, or such a suspicious circumstance, as to put a duty on the bank to investigate for a trustee to carry trust credits in his personal bank account, and this even though such fact is known to the bank. In this connection, it is generally held that the bank is entitled to believe that the trustee will check the trust credit out of his personal account for proper trust purposes. The main reasons for this rule are that to require the bank to investigate such transactions would put a burden on the bank for which it is not paid by the trust, and would clog the handling of commercial paper in a way that would be to the disadvantage generally of trust business, and also to business in general. 4 Bogert on Trusts and Trustees, § 908, p. 2632; American Law Institute, Restatement of the Law of Trusts, § 324d, pp. 966, 967; * * *."

In the case of Smith v. Commercial State Bank of Ranger, Tex.Civ.App., 157 S.W.2d 969, a guardianship was involved. There a guardian deposited proceeds of a check payable to the guardian in the guardian's personal account and thereafter withdrew such funds. The court held that the fact that the checks were payable to a *guardian* constituted notice to the bank that the real ownership of the checks, and proceeds thereof, belonged to the wards. The court held, however, that such fact alone is not conclusive of the question of the bank's liability for misappropriation of the funds by the guardian, citing Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 127 Tex. 407, 93 S.W.2d 701, 106 A.L.R. 821.

We conclude from a review of the facts in this case, in the light of the above authorities, that the appellee Rockwall bank was not charged, as a matter of law, with knowledge that anyone else other than Mrs. Lindley had an interest in the proceeds of the check deposited in her individual name and account. Appellant in oral argument before this court, admits that the bank was under no legal duty to check the probate court records to determine the details of

Mrs. Lindley's appointment as administratrix.

Appellant makes no attack on the implied findings of the trial court that the appellee Rockwall bank did not have knowledge of the trust character of a portion of the funds in controversy. Such implied finding of the trial court is amply supported by the evidence and must stand. Neither is there an attack on the implied finding of the trial court that the bank did not know that the portion of the deposit belonging to the minors was being misappropriated by either Mr. or Mrs. Lindley.

Inasmuch as this case was tried before the court without a jury, and no findings of fact or conclusions of law were requested and none were filed, the court's judgment carries with it all implied findings of fact necessary to support the judgment. Upon our review of such judgment we are bound only to consider that evidence most favorable to the judgment and disregard entirely that which is opposed to it. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Lamb v. Ed Maher, Inc., Tex.Civ.App., 368 S.W.2d 255. Having reviewed this record in the light of these authorities we find that the evidence supports the judgment in its implied findings that (1) Rockwall bank had no notice of any trust funds deposited in the personal account of Mrs. Lindley; (2) that if such funds were, in part, trust funds, the bank was entitled to rely upon the presumption that Mrs. Lindley, as administratrix, would properly account for disbursement of such funds; and (3) that the bank had no knowledge of any misappropriation or diversion of trust funds from the account, either as to Mrs. Lindley or Mr. Lindley. Appellant's points are overruled.

The judgment of the trial court is affirmed.

Affirmed.

BATEMAN, J., not sitting.