Earl RILEY, Appellant,

v.

FIRST STATE BANK, SPEARMAN, Texas, Appellee.

No. 8172.

Court of Civil Appeals of Texas, Amarillo.

June 28, 1971.

Rehearing Denied July 26, 1971.

Davis & David, John L. David, Dalhart, for appellant.

Countiss & Blackburn, Richard N. Countiss, Spearman, for appellee.

REYNOLDS, Justice.

Summary Judgment was rendered in favor of the payee of a promissory note, and this appeal results therefrom. Affirmed.

On January 26, 1970, appellant and his son-in-law, James F. Smith, Jr., signed, in the lower right corner on the lines for the signatures of makers, a promissory note in the principal sum of $125,000.00 payable to the order of appellee on or before ninety days after date. The note was in the usual form of a bank promissory note and contained a statement that the makers and endorsers severally waive demand of payment, notice of nonpayment, protest and notice of protest, and consent that time of payment may be extended from time to time with-

out notice. This note was not paid at maturity, but the interest accrued to maturity was paid by Smith. The note was renewed for an additional thirty days, until May 26, 1970, by the execution of a similar note signed only by Smith. The renewal note was not paid at its maturity, and by verified pleadings appellee filed suit on the note against both appellant and Smith. Appellant filed a general denial. Smith did not appear or answer in the suit and an interlocutory default judgment was entered against him.

The depositions of appellant, Smith and Peyton Gibner, appellee's vice president, were taken. Appellee filed its motion for summary judgment supported by an affidavit of Gibner, to which were attached sworn copies of the two notes. Appellant filed a sworn answer and a controverting affidavit. After notice and hearing, the trial court granted appellee's motion for summary judgment, entered summary judgment against appellant, and rendered final the interlocutory judgment theretofore rendered against Smith, for the principal sum of the note, interest, attorney's fees and costs provided by the note. Smith has not appealed and the judgment has become final as to him.

On appeal, appellant has assigned nine points of error. The first four points are that material fact questions were raised as to whether: material misrepresentations were made by Smith which induced appellant to sign the note; an unauthorized alteration of the note was made after appellant had signed it; appellee knew of and acquiesced to the alleged suretyship capacity of appellant on the note; and whether appellee was guilty of bad faith in acquiring the note. In the next two points, appellant contends that appellee did not plead it was a holder in due course of the note and that appellee did not sustain its burden of proof in showing it was a holder in due course. In the last three points, appellant alleges it was error to grant summary judgment on the sworn pleadings, or alternatively on the deposition and affidavit evi-

dence, and because appellee did not produce the original note sued on. We will not discuss seriatim appellant's points, but will consider them all under the general proposition of whether the summary judgment proof failed to negate the existence of genuine issues of material fact, thereby precluding the granting of summary judgment.

■ When appellee filed its suit on the note, attaching sworn copies of the notes in question, alleging it was the owner and holder of the notes sued on, appellee was deemed to be a holder in due course. Couch v. Babb, 423 S.W.2d 464 (Tex.Civ.App.—Beaumont 1968, writ ref'd n. r. e.). When appellant filed his general denial, all matters essential to the right of appellee to recover on the note sued on, except those matters required to be denied under oath, were put in issue. Rule 92, Texas Rules of Civil Procedure. In moving for summary judgment, appellee assumed the burden of establishing by summary judgment proof that as a matter of law there was no genuine issue of material fact as to one or more of the essential elements of its cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970). In viewing the summary judgment evidence in the light most favorable to appellant, we must resolve any doubt as to the existence of a genuine issue of material fact against appellee. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

■ It is urged and conceded that sworn pleadings do not constitute summary judgment proof. Hidalgo v. Surety Savings and Loan Ass'n., 462 S.W.2d 540 (Tex. Sup.1971). Pleadings simply outline the issues, and there is no indication or inference in the record that the trial judge even considered the sworn pleadings as proof, much less granted the summary judgment thereon, and we pass to the sufficiency of the summary judgment proof before the court.

At the time it moved for summary judgment, appellee's summary judgment evi-

dence reflected the background of the transaction and established its cause of action as follows: On January 1, 1970, a $100,000.00 principal payment, plus accrued interest, became due on the deferred portion of the purchase price of a ranch bought by appellant, his son and Smith. Although all three of the parties had executed the note or notes representing the balance due and were obligated for the deferred portion of the purchase price, as between appellant and Smith, it apparently was understood the payment then due was the obligation of Smith. Smith did not have the funds to pay the installment payment. Appellant and Smith discussed the matter, agreed that the money to make the payment would have to be borrowed, and it was understood that Smith would approach appellee bank about making the loan.

Appellant was a customer of appellee bank. Smith presonally never had transacted business with appellee bank. Through banking transactions, Gibner knew appellant and Smith were engaged in the ranching operation. Smith approached Gibner and informed him of the need to borrow $125,000.00 to make the ranch payment then due. Smith did not tell Gibner, and he was not otherwise informed, that the proposed loan was to be Smith's obligation, if it was. It was contemplated that the loan was to be repaid in full or in part from the ranch calf crop to be sold in the near future. Gibner requested financial statements. Smith furnished his statement and one for appellant which Smith ostensibly obtained from another bank. After appellee's loan committee met, Gibner informed Smith that appellee would loan appellant and Smith the $125,000.00 for ninety days, if both would sign the note. Appellee and appellant never discussed this transaction. At Smith's request, Gibner met Smith at the bank after regular banking hours. Gibner completely typed the note, Smith signed it and took it to appellant's house and there appellant signed it. The completed note was returned that same evening to Gibner, who transferred $125,000.00 to the ranch account of appellant, his son and Smith in another bank. Smith transferred the funds from the ranch account to his personal account and paid therefrom the payment due on the ranch note.

Gibner, appellee's vice president who handled the transaction with Smith, testified in his deposition and in his affidavit that appellee "is the owner and holder" of the notes and indebtedness sued upon, that appellee "has never assigned or transferred same", and that "no payments have been made on the indebtedness and James F. Smith, Jr., and Earl Riley are still indebted to First State Bank in the sum of $125,-000.00", plus interest. In his deposition, appellant admits the execution of the original note, and that it has not been paid. He states he did not receive the funds represented by the note, and that the funds "presumably" and "probably" were applied "to pay his" (Smith's) debt on the ranch note.

Tested by the credibility standards articulated in Jones v. United States Fire Ins. Co., 420 S.W.2d 160 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.), the foregoing summary judgment evidence established as a matter of law that there was no genuine issue of material fact as to one or more of the essential elements of appellee's cause of action. Appellee having established its right to judgment, if the motion for summary judgment were to be defeated, it was incumbent upon appellant to come forward with evidence sufficient to raise a fact issue as to one of the essential elements of appellee's right of recovery. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960). Appellant offered his controverting affidavit. Omitting the formal and incorporeal parts, the affidavit reads as follows:

"* * *

"Affiant states that said original note was presented to Defendant Earl Riley

for his signature in his home by the said James F. Smith, Jr. and at no time was Earl Riley contacted by the First State Bank of Spearman, Texas, concerning the note. At the time the note was presented to him for his signature, it was wholly blank on its face with the exception of the normal printed material on said note form and the signature of James F. Smith, Jr. and contained no typing whatsoever. That at the time the blank promissory note was presented to Earl Riley, and signed by Earl Riley, an agreement was made and entered into between Earl Riley and James F. Smith, Jr. that the principal amount of said note would not be in excess of $10,000.00.

"I further state that I signed said note only as a surety for the said James F. Smith, Jr. and not as his co-maker on said note and had no knowledge at any time and was not contacted at any time, either directly or indirectly, by the First State Bank of Spearman, Texas, concerning said note and at no time furnished any instruments, financial statements, etc. to said Bank. Affiant further states that at no time was he contacted by said Bank concerning the note, the amount of the note, the fact that it was not paid, the fact that it was renewed, and the fact that the renewal was not paid until he was served with citation and sued by the First State Bank of Spearman, Texas, on the 8th day of September, 1970.

" * * * ".

Appellant asserts his controverting affidavit raised material fact issues and established a defense since appellee was not a holder in due course. Appellant has cited Texas Gulf Trust Company v. Notias, 352 S.W.2d 925 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.) for his position that the payee of a note is not a holder in due course. The case so holds, and correctly so by virtue of the Negotiable In-

strument Act, Vernon's Ann.Civ.St. art. 5932, et seq., in effect at the time that case was decided. Under that statute, a payee could not be a holder in due course because the note was issued to the payee and had never been negotiated. That case no longer represents the view of the law in Texas on this subject, because the statutory authority upon which it is based was repealed prior to the date of the note here in controversy. The statutory authority now governing the status of a payee of a note is the Business and Commerce Code [1], V.T.C.A., adopted in Texas effective September 1, 1967. As declared by § 3.302(b), a payee may be a holder in due course if, as provided in § 3.302 (a), the note is taken:

"(1) for value; and

"(2) in good faith; and

"(3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person".

It is undisputed that appellee took the note for value, the value being $125,000.00 of its funds exchanged for the note, and that such funds were applied on a note on which appellant and Smith were liable.

"Good faith" is defined in § 1.201 (19) to mean "honesty in fact in the conduct or transaction concerned". The test is not diligence or negligence; and it is immaterial that appellee may have had notice of such facts as would put a reasonably prudent person on inquiry which would lead to discovery, unless appellee had actual knowledge of facts and circumstances that would amount to bad faith. Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 127 Tex. 407, 93 S.W.2d 701 (1936), 106 A.L.R. 821. Appellee's evidence establishes that it took the note in good faith and appellant's affidavit does not raise the issue of whether appellee had

1. Vernon's Texas Codes Annotated, Business and Commerce Code, Sections 1.101– 35.40. All references to sections are to V.T.C.A., Bus. & C.

actual knowledge of facts and circumstances that would amount to bad faith.

■ Of course the note was neither overdue nor dishonored when appellee accepted it, and the summary judgment proof makes it evident that appellee took the note without notice of any defense. Even if the instrument were blank when appellant signed it, all the proof is that it was completed when delivered to appellee; and further, even if appellee knew appellant had signed as a surety for accommodation, such knowledge does not impart notice of a defense or claim. § 3.304(d) (3).

■ Since the instrument did not specify otherwise, appellant is liable as a maker, § 3.118(5), § 3.304(d) (3); and appellant, by signing the note·providing for extension of time of payment, consented to any extension not longer than the original period. § 3.118(6). Presentment of the original note for payment was entirely excused. § 3.511(b) (1) and § 3.511(f).

■ Therefore, we hold that the summary judgment proof, as a matter of law, established that appellee was a holder in due course, and was not subject to appellant's asserted defenses.

■ Appellant's assignment that a summary judgment was erroneously granted because appellee did not produce the original note sued on is answered adversely to his contention by a paraphrased statement from that portion of the dissent in Southwestern Fire & Casualty Co. v. Larue, 367 S.W.2d 162 (Tex.1963), adopted in Perkins v. Crittenden, 462 S.W.2d 565 (Tex.1970), that "[appellee] discharged its burden without producing and introducing the original note, under Rule 166–A(e) [2], by attaching a sworn * * * copy of the note to a proper affidavit."

The summary judgment was properly granted. Appellant's points of error are overruled. The judgment of the trial court is affirmed.

2. Texas Rules of Civil Procedure.