The **RICHARDSON COMPANY**, Appellant,

v.

**FIRST NATIONAL BANK IN DALLAS,**
**Appellee.**

No. 742.

Court of Civil Appeals of Texas,
Tyler.

Jan. 3, 1974.

Rehearing Denied Jan. 24, 1974.

Bailey, Williams, Westfall & Henderson, C. Edward Fowler, Jr., Dallas, for appellant.

Coke & Coke, E. Eldridge Goins, Jr., Dallas, for appellee.

DUNAGAN, Chief Justice.

This is a summary judgment case. The appellant, The Richardson Company, sued First National Bank of Dallas and Preston State Bank alleging conversion and negligence for applying its checks to The Richardson Company employee's personal debt owed each bank. The claim against First National Bank was based on one check drawn by The Richardson Company payable to First National Bank and delivered to said bank by The Richardson Company's employee, Mrs. S. L. Auman. First National Bank answered by asserting the affirmative defense provided by the Texas Business and Commerce Code that payment of the check was final because First National Bank (1) had changed its position in good faith reliance on payment or (2) had received payment as a holder in due course. Upon its motion First National Bank was granted summary judgment. Following an order severing the claim of The Richardson Company against First National Bank, judgment was entered from which The Richardson Company has perfected this appeal.

Even though appellant has based its appeal upon eight specific points of error, as in any summary judgment case, there is actually only one question to be decided. In determining the matter of rendering or affirming a summary judgment in favor of a party, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of

a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.Sup.1970); Harrington v. Young Men's Christian Association of Houston, 452 S.W.2d 423 (Tex.Sup.1970); Rule 166–A(c), Texas Rules of Civil Procedure. The burden of proof is upon the party moving for summary judgment and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. The evidence upon such a motion must be viewed in the light most favorable to the party opposing the motion. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

Appellant in support of its position contends that the trial court erred in granting appellee's motion for summary judgment because (1) First National Bank was not a holder in due course as a matter of law; (2) it appears as a matter of law that First National Bank took the instrument with notice of a claim to it by the appellant; (3) the appellee did not establish as a matter of law that it took the instrument without notice of appellant's claim to it; (4) First National Bank had knowledge that a Richardson Company fiduciary negotiated the instrument in payment of her own debt; (5) "It is immaterial whether payment by the drawee-payor bank to First National Bank was 'final' "; and (6) First National Bank did not in good faith change its position in reliance on payment of the check.

The appellee has brought forward two reply points. The first is that appellee, as a matter of law, in good faith changed its position in reliance upon the payment of the check and therefore payment was final. The second is that the summary judgment evidence shows as a matter of law that it was a holder in due course, and therefore payment was final. We sustain appellee's contentions.

It is established by the summary judgment proof that the First National Bank loaned a sum of money to Mrs. S. L. Auman, an employee of The Richardson Company, on August 18, 1971, for the purpose of purchasing an automobile. The bank received as collateral for the loan a security interest in the automobile. On September 23, 1971, Mrs. Auman sent the check in question in the amount of $1,038.11 to the First National Bank with directions that it be applied to her indebtedness. The check was drawn by The Richardson Company upon an Illinois bank and the First National Bank was named as the payee. The check appears to be a vendee's remittance and is signed by officers of The Richardson Company. The name of First National Bank of Dallas was typed in the blank "pay to the order of." The check was received and credited to the personal account of Mrs. Auman. Five days after receipt of the check on September 28, 1971, First National Bank, having received final payment of the check, released its collateral for the loan to Mrs. Auman by sending her the title to the automobile.

Edwin L. Cunningham, an officer of the First National Bank, the appellee, in his affidavit stated that the bank received the check from Mrs. Auman in the amount of $1,038.11 drawn upon The Richardson Company, the appellant, naming the bank as payee "with information that the check represented compensation from Mrs. Auman's employer and was to be applied to discharge her indebtedness to the bank. This check was the only check received by First National Bank in Dallas by Mrs. Auman that was drawn upon The Richardson Company." Mr. Cummingham in his affidavit also states that the check here involved "was processed through normal banking channels and final payment was made to First National Bank in Dallas in the normal course of business;" that "The Richardson Company, Melrose Park, Illinois, has not had an account with First National Bank in Dallas at any time"; and

Mrs. Auman "has never transacted any business with First National Bank in Dallas as a representative of The Richardson Company, Melrose Park, Illinois." This summary judgment proof is in the record uncontroverted.

He further states in his affidavit that the bank "received all payments by Mrs. S. L. Auman to discharge her indebtedness to the bank in the normal course of business with no knowledge that any payment did not represent monies rightfully belonging to her;" that the bank "had no knowledge of any claim to any payment by Mrs. S. L. Auman to discharge her indebtedness to the bank;" and that the bank "in every way acted in good faith by accepting every payment made by Mrs. S. L. Auman." These statements are likewise in the record uncontroverted.

A holder in due course, as defined in sec. 3.302(a) & (b), V.T.C.A., Texas Business and Commerce Code, is one

"* * * who takes the [negotiable] instrument

(1) for value; and

(2) in good faith; and

(3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

"(b) A payee may be a holder in due course."

The following comments are under this section of the Texas Business and Commerce Code:

"2. Subsection (2) is intended to settle the long continued conflict over the status of the payee as a holder in due course. * * * The position here taken is that the payee may become a holder in due course to the same extent and under the same circumstances as any other holder. * * * In the following cases, among others, the payee is a holder in due course:

*   *   *   *   *   *

"d. A defrauds the maker into signing an instrument payable to P. P pays A for it in good faith and without notice, and the maker delivers the instrument directly to P.

"e. D draws a check payable to P and gives it to his agent to be delivered to P in payment of D's debt. The agent delivers it to P, who takes it in good faith and without notice in payment of the agent's debt to P."

In Eldon's Super Fresh Stores, Inc. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 207 N.W.2d 282 (Minn.Sup.1973), which present facts directly analogous to those existing in the instant case, the court held that a payee taking a check drawn to the payee's order by a corporate officer and presented by the corporation to its attorney in payment of the attorney's personal debt was a holder in due course.

■ Beyond dispute the summary judgment proof establishes as a matter of law that the bank gave value for the checks, as that term is defined in the Texas Business and Commerce Code, sec. 3.302, by surrendering the security for Mrs. Auman's indebtedness.

■ The Richardson Company, appellant, argues that the bank had "notice" of the appellant's claim because the bank had knowledge of some ficuciary relationship existing between Mrs. Auman and her employer and therefore the bank is not a holder in due course under the Texas Business and Commerce Code. The appellant filed no affidavit proof or otherwise averred that a fiduciary relationship existed between Mrs. Auman and her employer. No allegation or summary judgment proof has been made that Mrs. Auman was responsible for the disbursement of the appellant's funds or that Mrs. Auman's relationship to her employer was of such a confidential nature that she was a "fiduciary." Furthermore, The Richardson Company had not controverted statements

in the affidavits supporting the bank's motion for summary judgment that it had no knowledge concerning Mrs. Auman's relationship with her employer, The Richardson Company, other than that it was provided in financial statements given to merchants from whom the bank purchased installment contracts. Such information is insufficient as a matter of law to constitute "notice" of a fiduciary relationship. Notice of a "fiduciary" relationship is specifically stated not to be notice of a "claim" to an instrument under the Texas Business and Commerce Code, sec. 3.304, which, in part, provides:

"(d) Knowledge of the following facts does not of itself give the purchaser notice of a defense or claim

\* \* \* \* \* \*

"(5) that any person negotiating the instrument is or was a fiduciary;

\* \* \*"

Therefore, the information provided in Mrs. Auman's application for financing, even if sufficient to provide First National Bank knowledge of a "fiduciary relationship" between The Richardson Company and Mrs. Auman, would be insufficient knowledge to place First National on "notice" of a claim or defense to the check.

The appellant in its brief refers to and relies on the Uniform Fiduciary Act, which has not been adopted in Texas. Even if it were the law, in our opinion, under the record before us it would not change the bank's status as a holder in due course.

■ Furthermore, the Texas decisions leave no doubt that even if a bank has notice that a person is a fiduciary, the bank is safe in assuming proper conduct:

"It is the law of this state that there is a presumption that a trustee or fiduciary will legally perform their functions." United States Fidelity & Guaranty v. Texas Bank and Trust Co. of Dallas, 380 S.W.2d 900, 903 (Tex.Civ.App., Dallas,

1964, writ ref'd n. r. e.), citing A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 127 Tex. 407, 93 S.W.2d 701 (1936).

■ "Good faith" is defined in sec. 1.-201(19) of the Texas Business and Commerce Code to mean: "honesty in fact in the conduct or transaction concerned." The test for "good faith" under the Texas Business and Commerce Code is not diligence or negligence; and it is immaterial that appellee may have had notice of such facts as would put a reasonable prudent person on inquiry which would lead to discovery, unless appellee had actual knowledge of facts and circumstances that amounted to bad faith. Riley v. First State Bank, 469 S.W.2d 812, 816 (Tex. Civ.App., Amarillo, 1971, writ ref'd n. r. e).

The provisions of sec. 3.418 of the Texas Business and Commerce Code make payment of an instrument final in favor of a holder in due course, or any person who has in good faith changed his position in reliance on the payment. By virtue of 3.-418 the common law liability is excluded and the controlling question is whether payment of the check was "final." Aetna Life and Casualty Co. v. Hampton State Bank, 497 S.W.2d 80, 86 (Tex.Civ.App., Dallas, 1973, writ ref'd n. r. e.).

■ We have concluded and so hold that the summary judgment proof, as a matter of law, established that appellee was a holder in due course and did change its position in good faith reliance on payment of the check.

Appellee, First National Bank of Dallas, having established its right to judgment, if the motion for summary judgment were to be defeated, it was incumbent upon appellant to come forward with evidence sufficient to raise a fact issue as to one of the essential elements of appellant's right of recovery. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960). This, appellant has failed to do. It filed no controverting affidavits.

The summary judgment was properly granted. Appellant's points of error are overruled. Judgment of the trial court is affirmed.

Affirmed.